IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-MJ-1998

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | )　　**O R D E R** |
| BONDURANT AKEEM RUFFIN<br>　　　　Defendant. | )<br>)<br>)<br>) |

This matter is before the Court on defendant's motion pursuant to 18 U.S.C. § 3145(b) to revoke the order of detention pending trial. [DE 16]. For the following reasons, defendant's motion is denied.

## BACKGROUND

Mr. Ruffin is charged with possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1). He was arrested and taken into custody on November 24, 2016. On December 7, 2016, United States Magistrate Judge James E. Gates ordered defendant detained pending trial. The magistrate court held a hearing on the issue in which it considered the nature of the charges, the apparent evidence, and the ability to assure defendant's presence for trial as well as the safety of the community. Defendant filed the instant motion on December 8, 2016, seeking to revoke the order of detention pending trial entered by Magistrate Judge Gates.

## DISCUSSION

The Court has the discretion to review *de novo* and amend a detention order entered pursuant to 18 U.S.C. § 3142. 18 U.S.C. § 3145(b); *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). In determining whether there are conditions of release that will reasonably assure

the appearance of the defendant at trial and the safety of any other person or community, the Court must consider the factors set forth in § 3142(g).

The charges levied against defendant carry a presumption of detention. 18 U.S.C. § 3142(e)(3)(A). This presumption "imposes on the defendant only the burden *of production* of proof. It does not also shift to him the ultimate burden of persuasion concerning the risk of flight and danger to community safety." *United States v. Tyson*, 7:11-CR-105-3F, 2011 WL 4443253, *1 (E.D.N.C. Sept. 23, 2011). "Upon the introduction of evidence in support of his release, the statutory presumption in favor of detention does not vanish, but retains evidentiary weight and remains as one factor to be considered." *Id.*

Defendant argues that he is not a danger to the community or any other person and that suitable conditions can be set for his release. Defendant admits that he has one prior conviction for felony possession of cocaine which occurred in 2006, but notes that he successfully completed his sentence of probation which was terminated in February of 2009. Defendant also submits that he has lived in Wilson, North Carolina most of his life, his family ties are in Wilson, he has likely employment available through his mother's company, and that his mother and mother of his two children are willing to act as third-party custodians in this matter. The Court finds that this evidence not rebut the presumption of detention. Considering the matter *de novo* as well as the factors set forth in 18 U.S.C. § 3142(g), the Court agrees with Magistrate Judge Numbers's original assessment that this evidence is insufficient to rebut the presumption of detention and that the proposed third-party custodian arrangement is not suitable. This is particularly true in light of defendant's criminal history, which includes a prior drug-related conviction and his admission to Detective Corprew, who testified at the detention hearing, that he has previously engaged in drug trafficking. In considering the entirety of the evidence, the

Court finds that the government has proven by clear and convincing evidence both that there are no conditions that will reasonably assure the safety of the community and by a preponderance of the evidence that there are no conditions that will ensure Mr. Smith's appearance in court. 18 U.S.C. § 3142(e)(1). Accordingly, defendant's motion for release is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion [DE 16] is DENIED.

SO ORDERED, this 21 day of December, 2016.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE