UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-321–1BO

| | |
|---|---|
| **United States of America**, <br><br> v. <br><br> **Bondurant Akeem Ruffin**, <br><br> Defendant. | **Order** |

On December 21, 2016, a Grand Jury indicted Defendant Bondurant Akeem Ruffin for knowingly and intentionally possessing with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1). Ahead of his criminal trial, Ruffin has filed a variety of motions: a Motion for Notice of Intent to Use 404(b) Evidence (D.E. 29); a Motion for All "Jencks" Material (D.E. 30); a Motion for Disclosure of Favorable Material (D.E. 31); a Motion for Disclosure of Rule 807 Evidence (D.E. 32); and a Motion for Order to Preserve Rough Notes and Disclosure for Inspection and Copying (D.E. 33). The Government has responded to these motions (D.E. 39, 40, 41, 42, 43) and they are ripe for disposition.

**I.    Motion for Notice of Intent to Use 404(b) Evidence**

Ruffin first seeks an order requiring the Government to give notice of its intent to introduce evidence that falls under Rule 404(b) of the Federal Rules of Evidence. (D.E. 29.) In response, the Government contends that Ruffin's motion should be denied as moot because it will produce the requested documents and information no later than seven days before trial, in compliance with the requirements of Rule 404(b). (D.E. 39.)

Ruffin requests that the Government "disclose the date, nature and circumstances of all evidence showing other crimes, wrongs or acts not charged in the indictment which the

government intends to introduce at trial pursuant to Rule 404(b)." (D.E. 29 at 1.) However, under Rule 404(b)(2), a defendant is only entitled to receive "reasonable notice of the general nature of any [Rule 404(b)] evidence that the prosecutor intends to offer at trial . . . ." Fed. R. Evid. 404(b)(2)(A). The Government represents to the Court that it will comply with its obligations under Rule 404(b) no later than one week before trial. (D.E. 29 at 1.)

Therefore, Ruffin's request regarding Rule 404(b) evidence is granted in part and denied in part. The Government is ordered to notify Ruffin of the general nature of any Rule 404(b) evidence it intends to offer at trial no later than seven days before the date trial is scheduled to begin.

## II. Motion for Early Release of *Jencks* Material

Next, Ruffin requests that this Court order the Government to disclose material covered by the Jencks Act, 18 U.SC. 3500, prior to the beginning of the trial. (D.E. 30 at 2.) Ruffin claims that early disclosure is necessary for the adequate preparation of his defense because "there are numerous witnesses who will, or may, be testifying at trial." (D.E. 30 at 1–2.) However, the Jencks Act provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena [sic], discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. 3500(a). The Fourth Circuit Court of Appeals has explained that in light of the language of the statute, a "district court may not require the government to produce Jencks Act material relating to one of its witnesses until after the witness has testified." *United States* v. *Lewis*, 35 F.3d 148, 151 (4th Cir. 1994).

Although a district court may not require early disclosure of Jencks Act material, the Government may voluntarily disclose the requested documents and information prior to trial. *Id.*

2

In this case, the Government has represented that it has already made an early production of Jencks Act material, and will continue to disclose Jencks Act material "in time for its effective use in trial." (D.E. 41 at 1–2.) While this representation is not legally binding, the Government is no doubt aware of the consequences attendant to failing to honor commitments made before this Court.

In light of the plain language of the statute and the Fourth Circuit's holding in *Lewis*, Ruffin's motion for early disclosure of Jencks Act materials is denied.

### III.   Motion for Disclosure of *Brady* Material

Ruffin also requests that this Court order the Government to produce favorable material, pursuant to the holdings of *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny. (D.E. 31.) According to the *Brady* decision, the Government has an affirmative obligation to produce evidence that is "both favorable to an accused and 'material to either guilt or punishment.'" *United States* v. *Bagley*, 473 U.S. 667, 674 (1985); *Brady*, 373 U.S. at 87. This evidence must be produced "in time for its effective use at trial." *United States* v. *Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985).

In response, the Government acknowledges its obligations to provide *Brady* materials in a timely manner. (D.E. 40 at 2.) Furthermore, the Government represented to the court that it has already "provided, through multiple productions, discovery to the Defendant," and that it is not aware of any additional evidence subject to disclosure under *Brady*. (D.E. 40 at 1.) The Government also contends that it will continue to supplement its discovery productions and will "disclose all exculpatory and impeachment evidence in time for its effective use at trial" pursuant to its ongoing duty to disclose *Brady* material. (D.E. at 2.)

In light of the Government's actions to date and its representations to the court, "[t]he court credits the government's assertion that it will disclose all exculpatory and impeachment evidence in time for its effective use at trial." *United States* v. *Howard*, No. 5:12–CR–9–D, 2012 WL 2525625, at *3 (E.D.N.C. June 29, 2012) (citing *Smith Grading*, 760 F.2d at 532). Therefore, the motion requiring disclosure of *Brady* material is granted in part and denied in part. The Government shall produce *Brady* material on a prompt, ongoing basis and shall disclose all materials required to be disclosed under those doctrines no later than seven days before the date trial is scheduled to begin.

## IV. Motion for Disclosure of Rule 807 Evidence

Defendant additionally seeks an order requiring the Government to disclose any evidence that it anticipates attempting to introduce against Ruffin pursuant to Rule 807 of the Federal Rules of Evidence thirty days prior to trial. (D.E. 32.) In response, the Government asserts that it is not yet certain if it will attempt to admit evidence pursuant to Rule 807, but if it seeks to do so in the future, it will abide by the Rule's requirements. (D.E. 43.)

Rule 807 provides that certain hearsay evidence is admissible, but "only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it." Fed. R. Evid. 807(b). Although this Court has not delineated specific parameters for what constitutes "reasonable notice" under this Rule, the Fourth Circuit Court of Appeals has made clear that absent extenuating circumstances, notice of intent to introduce Rule 807 hearsay evidence must be provided to the opposing party before the commencement of trial. *See United States* v. *Heyward*, 729 F.2d 297 (4th Cir. 1984) (excusing lack of pretrial notice when "practical realities . . . bar[red] compliance with the letter of the rule"); *United States* v. *Baker*, 985

F.2d 1248, 1253 (4th Cir. 1993) (permitting last-minute notice because "exceptional circumstances" made pretrial notice "wholly impracticable").

Thus, in the present case, Ruffin's request regarding disclosure of Rule 807 evidence is granted in part and denied in part. The Government is ordered to notify Ruffin of the general nature of any known Rule 807 evidence it intends to offer at trial no later than seven days before the date trial is scheduled to begin.

V.     **Motion for Preservation and Disclosure of Rough Notes**

In his final motion, Ruffin seeks an order from this Court requiring the Government to preserve the rough notes made by any Government agents or attorneys that pertain to the current charges filed against him, and additionally requests that said notes are made available to him for inspection and copying. (D.E. 33.) Specifically, Ruffin requests the preservation and disclosure of any rough notes taken by Government prosecutors or their agents during witness interviews, as well as "any and all memorandum, interviews or any additional documents prepared by" any law enforcement agent. (D.E. 33 at 2.) The Government opposes Ruffin's motion, stating that it has no obligation to preserve or produce the information sought and assuring its continued compliance with the disclosure requirements of *Brady* and the Jencks Act. (D.E. at 1–2.) The Government also contends that Ruffin's request for preservation and inspection of the prosecutor's notes should be denied, as such an order is unsupported by case law and would violate the attorney work-product doctrine. (D.E. 42 at 2–4.)

The Jencks Act generally does not require a law enforcement agent to retain any rough interview notes when such notes are later incorporated into the agent's formal interview report. *United States* v. *Hinton*, 719 F.2d 711, 722 (4th Cir. 1983). Moreover, a government agent's rough notes taken during a witness interview are not discoverable under the Jencks Act if they are not in

some way adopted or approved by the witness. *United States* v. *Roseboro*, 87 F.3d 642, 645 (4th Cir. 1996). And, even in the event of such approval, production of said notes is only required after the witness testified at trial. *See* 18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a). Thus, Ruffin's request for pretrial production of Government agents' rough notes is denied.

Additionally, the Government correctly asserts that aside from *Brady* and Jencks Act material, the rough notes made by the prosecutor are privileged from discovery in the criminal context because such disclosure would violate the attorney work-product doctrine. In general, this doctrine provides that "written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties" are not subject to discovery. *Hickman* v. *Taylor*, 329 U.S. 495, 511 (1947); *see also United States* v. *Nobles*, 422 U.S. 225, 238 (1975) (applying the work-product doctrine to criminal cases). Moreover, the Jencks Act does not "compel disclosure of a Government lawyer's recordation of mental impressions, personal beliefs, trial strategy, legal conclusions, or anything else that could not fairly be said to be the witness' own statement." *Goldberg* v. *United States*, 425 U.S. 94, 106 (1976) (internal quotation marks omitted). Thus, unless such writings are discoverable pursuant to *Brady*, mandatory disclosure of these materials would violate the work-product doctrine. *See United States* v. *Whitted*, No. 5:15-CR-372–1H, 2017 WL 2082922, at *4 (E.D.N.C. May 15, 2017) (citing *Morris* v. *Yist*, 447 F.3d 735, 742 (9th Cir. 2006)).

Moreover, although Ruffin claims that case law supports his assertion that an order directing the Government to preserve the rough notes of its agents "may include rough notes of the Government's attorneys taken during witness interviews," (D.E. 33 at 1), the cases cited do not corroborate this conclusion. Rather, the cases cited by Ruffin, (D.E. 33 at 1–2), involve rough notes made by Government investigators, not Government attorneys. *See United States* v.

6

*Niedeberger*, 580 F.2d 63 (3d Cir. 1978) (Internal Revenue Service investigator); *United States* v. *Robinson*, 546 F.2d 3309 (9th Cir. 1977) (Federal Bureau of Investigation agent); *United States* v. *Harris*, 543 F.2d 1247 (9th Cir. 1976) (Federal Bureau of Investigation agent). Accordingly, to the extent that Ruffin seeks pretrial disclosure of the prosecutor's notes, that motion is denied.

However, it is possible that the production of the Government's rough notes will become necessary during trial or the appeal process. Thus, because such notes may contain exculpatory material, provide a basis for impeachment, or become otherwise discoverable under *Brady* or the Jencks Act, a pretrial order requiring the Government to retain these notes is appropriate. *See United States* v. *King*, 121 F.R.D. 277, 279 (E.D.N.C. 1988) (ordering retention of rough notes pending the conclusion of trial because they "may contain exculpatory or impeaching material which must be disclosed"); *United States* v. *Gordon*, No. 7:14-CR-41–1FL, 2014 WL 5489364, at *2–3 (E.D.N.C. Oct. 30, 2014) (ordering preservation of Government agent's rough notes because it was "conceivable" they would be needed at trial); *States* v. *Whitted*, No. 5:15-CR-372–1H, 2017 WL 2082922, at *4 (E.D.N.C. May 15, 2017) (ordering preservation of rough notes of Government's agents and prosecutors). Ruffin's motion to preserve the rough notes of Government agents and prosecutors is therefore granted, and the Government is ordered to retain such notes until the conclusion of Ruffin's trial.

## VI. Conclusion

As discussed above, the court orders as follows:

1. Ruffin's motion regarding Rule 404(b) evidence (D.E. 29) is granted in part and denied in part. The Government is ordered to notify Ruffin of the general nature of any Rule 404(b) evidence it intends to offer at trial no later than seven days before the date trial is scheduled to begin.

2. Ruffin's motion seeking early disclosure of Jencks Act material (D.E. 30) is denied.

3. Ruffin's motion regarding disclosure of *Brady* materials (D.E. 31) is granted in part and denied in part. The Government shall produce *Brady* materials on a prompt, ongoing basis and shall disclose all materials required to be disclosed under this doctrine no later than seven days before the date trial is scheduled to begin.

4. Ruffin's motion regarding disclosure of Rule 807 evidence (D.E. 32) is granted in part and denied in part. The Government is ordered to notify Ruffin of the general nature of any Rule 807 evidence it intends to offer at trial no later than seven days before the date trial is scheduled to begin.

5. Ruffin's motion seeking the preservation and disclosure of the Government's rough notes (D.E. 33) is granted in part and denied in part. The Government is ordered to preserve any rough notes concerning the current charges against Ruffin that were created by Government agents or Government attorneys until the conclusion of the trial.

Dated: January 12, 2018

_____
Robert T. Numbers, II
United States Magistrate Judge